UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF PENNSYLVANIA

```
----------------------------------
In the Matter of                           :

    Establishment Inspection of            :       NO. 14-1137
    LLOYD INDUSTRIES, INC.
                                           :
    A manufacturing operation
    consisting of one or more              :
    buildings located at:
    231 Commerce Drive                     :
    Montgomeryville, PA 18936
    Montgomery County                      :
----------------------------------
```

### APPLICATION FOR INSPECTION WARRANT UNDER THE OCCUPATIONAL SAFETY AND HEALTH ACT OF 1970

Jean G. Kulp, Area Director, Allentown Area Office, Occupational Safety and Health Administration (hereinafter referred to as "OSHA"), United States Department of Labor, hereby applies for an inspection warrant, pursuant to Section 8(a) of the Occupational Safety and Health Act of 1970 (29 U.S.C. § 651, et seq., hereinafter referred to as "the Act"), for the inspection and investigation of the worksite described in the above caption and as grounds for the issuance of the warrant, after first being duly sworn, deposes and says that:

1. I am the Area Director of the Allentown Area Office of OSHA, and in that capacity, supervise the inspection activities of OSHA's Compliance Safety and Health Officers within the jurisdiction of the Allentown Area Office. Moreover, I have the responsibility of making applications for inspection warrants under Section 8 of the Act, 29 U.S.C. § 657.

2. Lloyd Industries, Inc. is a corporation with an office and workplace located at 231 Commerce Drive, Montgomeryville, PA 18936 and is engaged in the business of manufacturing metal fire dampeners and related equipment.

3. Lloyd Industries, Inc. uses materials, supplies and equipment manufactured in states other than Pennsylvania and is engaged in a business affecting commerce within the meaning of Section 3(3) of the Act, 29 U.S.C. § 652(3). Lloyd Industries, Inc. employs a number of employees at the establishment referred to above and is therefore an employer within the meaning of Section 3(5) of the Act, 29 U.S.C. § 652(5).

4. The facility described in the caption (the "workplace") has been selected for inspection as a result of the receipt of a Formal Complaint filed by an employee.

5. On October 23, 2014 and November 6, 2014, the Allentown Area Office of OSHA received a Formal Complaint from an employee of Lloyd Industries, Inc. who alleged that unsafe/unhealthful conditions exist at the workplace described in the caption. A copy of the complaint is attached hereto and made part hereof as Exhibit A. The complaint has been retyped to remove identifying characteristics from it and the identity of the complainant has been deleted pursuant to 29 U.S.C. § 657(f)(1) to protect his/her confidentiality.

6. Upon receipt of a written request by an employee for an inspection which alleges violations of safety or health standards that threaten physical harm, Section 8(f)(1) of the Act, 29 U.S.C. § 657(f)(1), requires the Secretary of Labor to conduct an inspection as soon as practicable to determine if violations or dangers exist.

7. Part 8 of the complaint form (OSHA 7) contains numbered items which describe the alleged hazards. Upon review, I have determined that there are reasonable grounds to believe that there are possible violations of 29 U.S.C. § 654(a)(2) and the safety and health standards enforced pursuant to that section.

8. The administrative standards for the selection of establishments for inspection under Section 8 of the Act are set forth in 29 C.F.R. § 1903.

9. 29 C.F.R. § 1903.11(b) directs that if an employee complaint is reduced to writing, signed, and set forth with reasonable particularity and the Area Director determines that

there are reasonable grounds to believe the violations exist, an inspection shall be conducted as soon as practicable.

10. I reviewed the employee complaint attached as Exhibit A and determined that it met the requirements of Section 8(f)(1) of the Act, 29 U.S.C. § 657(f)(1) and 29 C.F.R. § 1903.11, and that reasonable grounds were present to believe that the violations alleged in the complaint exist. Accordingly, reasonable legislative and administrative criteria for the selection of the employer's workplace for inspection have been satisfied. Marshall v. Barlow's. Inc., 436 U.S. 307, 1320, 98 S. Ct. 1816, 1824 (1978); Martin v. International Malex Tank Terminals - Bayonne, 928 F.2d 614. 621-25 (3d Cir. 1991).

11. Moreover, the conditions alleged in Exhibit A demonstrate probable cause to believe that violations of the Act and the regulations enforced pursuant to the Act exist at the workplace. Martin v. International Matex, 928 F.2d at 623-25.

12. This application for inspection warrant is being made without prior refusal of entry pursuant to 29 CFR § 1903.4 and the OSHA Field Operations Manual (Chapter 15, III. A.1) because on a prior occasion this employer refused to allow OSHA to enter the workplace without a warrant to conduct an inspection.

13. 29 CFR § 1903.4 provides, in pertinent part:

> Compulsory process shall be sought in advance of an attempted inspection or investigation if, in the judgment of the Area Director and the Regional Solicitor, circumstances exist which make such preinspection process desirable or necessary. Some examples of circumstances in which it may be desirable or necessary to seek compulsory process in advance of an attempt to inspect or investigate include (but are not limited to):
> (1) When the employer's past practice either implicitly or explicitly puts the Secretary on notice that a warrantless inspection will not be allowed; . . . .

14. In 2008, Lloyd Industries refused to allow OSHA to enter this same workplace, and OSHA obtained a warrant from the District Court and returned to the workplace. Lloyd Industries

again refused to allow OSHA to enter the workplace, even with a warrant. The Secretary then sought from the District Court, and obtained, an Order instructing the U.S. Marshals Service to accompany OSHA to enforce the Warrant for Inspection. Only then did Lloyd Industries allow OSHA to conduct its inspection.

15. Thus, based upon this employer's past practices, it is highly likely that the employer will not agree to allow OSHA to conduct an inspection without a warrant.

16. The authority for issuance of an inspection warrant, generally, is Section 8(a) and 8(f)(1) of the Act, 29 U.S.C. § 657(a) and (f)(1).

17. Section 5(a)(1) of the Act U.S.C. § 654(a)(1), places a duty upon an employer to provide, "employment and a place of employment which are free from recognized hazards that are causing or are likely to cause death or serious physical harm to his employees." Section 5(a)(2) of the Act, 29 U.S.C. § 654(a)(2), obliges an employer to comply with safety and health standards enforced by a system of inspections made by the Secretary or his representatives. Section 8(a) of the Act provides:

> In order to carry out the purposes of this Act, the Secretary, upon presenting appropriate credentials to the owner, operator, or agent in charge, is authorized –
> (1) to enter without delay and at reasonable times any factory, plant, establishment, construction site, or other area, workplace or environment where work is performed by an employee of an employer; and
> (2) to inspect and investigate during regular working hours and at other reasonable times, and within reasonable limits and in a reasonable manner, any such place of employment and all pertinent conditions, structures, machines, apparatus, devices, equipment, and materials therein, and to question privately any such employer, owner, operator, agent or employee.

29 U.S.C. § 657(a).

18. The inspection and investigation will be conducted during regular working hours, within reasonable limits, and in a reasonable manner. The Compliance Officer's credentials will be presented to the employer, and the inspection and investigation will be commenced as soon as practicable after the issuance of this warrant and will be completed with reasonable promptness.

19. The inspection and investigation will be limited to an evaluation of the hazards set forth in the employee complaint (Exhibit A). With respect to these hazards, the inspection and investigation will extend to the establishment or other area, workplace or environment where work is performed by employees of the employer and to all pertinent conditions, structures, machines, apparatus, devices, equipment, materials, and all other things therein (including processes, controls and facilities) bearing on whether this employer is furnishing to his employees employment and a place of employment which are free from recognized hazards that are causing or are likely to cause death or serious physical harm to his employees, and whether this employer is complying with the occupational safety and health standards promulgated under the Act and the rules, regulations and orders issued pursuant to the Act.

20. The inspection and investigation shall also include the taking of photographs and/or videotaping for evidentiary purposes, and the questioning of employees privately during working hours on the worksite, as is authorized by 29 C.F.R. § 1903.7(b).

21. The inspection and investigation shall also include the opportunity for a representative of the employer and a representative authorized by employees to accompany the compliance officer during the physical inspection of the workplace, or the compliance officer shall

consult with employees concerning matters of health and safety in the workplace if there is not authorized representative of employees pursuant to Section 8(e) of the Act (29 U. S. C. § 657(e)) and 29 C.F.R. § 1903.8.

22. A return will be made to the court within seven (7) working days after the completion of the inspection.

*[signature]*
Jean G. Kulp, Area Director
Allentown Area Office
Occupational Safety and Health Administration
United States Department of Labor

OF COUNSEL:

M. Patricia Smith
Solicitor of Labor

Oscar L. Hampton III
Regional Solicitor

Myrna Butkovitz
OSHA Counsel

Post Office Address:

Oscar L. Hampton III
Regional Solicitor
Office of the Solicitor
The Curtis Center, Suite 630 East
170 S. Independence Mall West
Philadelphia, PA 19106
(215) 861-5120

# "EXHIBIT A"

## Notice of Alleged Safety or Health Hazards

| | | | | |
|---|---|---|---|---|
| | Complaint Number | 916875 | | |
| Establishment Name | LLOYD INDUSTRIES, INC. | | | |
| Site Address | 231 COMMERCE DRIVE | | | |
| | Montgomeryville, PA 18936 | | | |
| | Site Phone | 215-412-4445 | Site FAX | 2154124409 |
| Mailing Address | 231 COMMERCE DRIVE Montgomeryville, PA 18936 | | | |
| Management Official | William Lloyd | | Telephone | 2154124445 |
| Type of Business | Metal Fire Dampeners | | | |
| Primary SIC | 3822 | Primary NAICS | 332322 - Sheet Metal Work Manufacturing | |

**HAZARD DESCRIPTION/LOCATION.** Describe briefly the hazard(s) which you believe exist. Include the approximate number of employees exposed to or threatened by each hazard. Specify the particular building or worksite where the alleged violation exists.

1. The Niagara press brake machine in the Assembly area has been malfunctioning as the cycle will continue to repeat after the operator releases the pedal. This same machine is not properly guarded to prevent employees from receiving point of operation injuries.

2. The press brake machine in the Access Door Department is not properly guarded to prevent employees from receiving point of operation injuries. The flywheel of this same machine is not guarded to prevent employee injuries.

3. There are no non slip pads attached to the foot pedals of hydraulic press brake machines and the mechanical power press machines throughout the shop areas.

4. The table saw in the shipping department is not guarded to prevent injuries to employee.

5. The Frame Maker machine in the Access Door Department has a guard that is always removed exposing employees to rotating gears and sprockets.

6. The Rivet machine ring guard located in the Access Door Department occasionally gets stuck and does not function properly.

7. The Shear Area has three Shear machines. One guard can be easily defeated by the operator and the other two machines are not guarded to prevent employees from injuries.

8. None of the Rivet machines in CRD Department have safety guards.

9. None of the Rivet machines in 75 A Line and 75 D Line have safety guards.

10. Pallets and other numerous materials are spread throughout the production areas which limit emergency exit access.

11. Machines, skids, and equipment are crowding the exit door of the Brake Department.

12. Employees who work in the Assembly Area have not received annual audiograms as required by OSHA. The employees are also not provided with annual training for the hearing conservation program.